IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAJESH GUPTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17 C 8375 |
| | ) |
| MORGAN STANLEY SMITH BARNEY, | ) |
| LLC and MORGAN STANLEY SMITH | ) |
| BARNEY FA NOTES HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Rajesh Gupta is a former employee of Morgan Stanley Smith Barney, LLC. He contends in this lawsuit that Morgan Stanley unlawfully terminated and defamed him. Morgan Stanley has moved to compel arbitration and stay the lawsuit, arguing that Gupta agreed to arbitrate any disputes concerning his employment.

### Background

Gupta is a reserve member of the United States Navy Judge Advocate General Corps (JAG). Gupta contends that, in early 2017, the Navy called him for at least six months of JAG duty, but his supervisors at Morgan Stanley disliked this. He contends that they "effectively terminated" him and tried to recoup his unvested bonuses, which are held as promissory notes by the second defendant named in the complaint. (The Court will refer to the defendants collectively as Morgan Stanley.) Under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311(a),

an employer may not terminate an employee for serving in one of the uniformed services.

Gupta has sued Morgan Stanley for defamation (in relation to comments made about his departure) and for violations of the USERRA. Morgan Stanley argues Gupta is bound to arbitrate these claims by an agreement that it contends was formed via e-mail. On September 2, 2015, a person using the address Human-260.Resources@morganstanley.com sent an e-mail to the address rajesh.gupta2@morganstanleypwm.com, stating:

> By continuing your employment with Morgan Stanley, you accept . . . the terms of the Arbitration Agreement and the arbitration provisions of the CARE Guidebook, unless you elect to opt out of the CARE Arbitration Program by completing, signing and submitting an effective CARE Arbitration Program Opt-Out Form by October 2, 2015.

D.E. 7, Defs.' Ex. 2 at 1. Gupta never completed an opt-out form, but he contends he never saw this e-mail and would have opted out of arbitration if he had. Morgan Stanley introduced by affidavit evidence that Gupta, using the same e-mail address, received, and responded to, numerous e-mails on the same day this e-mail was sent.

## Discussion

Under the Federal Arbitration Act, a court must compel arbitration of a dispute that the parties agreed to arbitrate. 9 U.S.C. § 4. To prevail on a motion to compel arbitration, a party must demonstrate that (1) the parties agreed to arbitrate and (2) the dispute falls within the agreement. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010). Whether an enforceable arbitration agreement was formed is determined by applying state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Gupta argues that no arbitration agreement was formed, for two reasons. First, he describes his failure to respond to the September 2 e-mail as silence and argues that silence constitutes assent only if "the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction." Restatement (Second) of Contracts ¶ 69. Gupta contends that Morgan Stanley never gave him such a reason. Gupta also contends that a party must assent to the existence of a contract, not just its terms, and he did not do so by his silence. Morgan Stanley argues that Illinois law permits an employer to reasonably conclude that an employee who does not opt out of an agreement of the type at issue has assented to it.

The Court agrees with Morgan Stanley. Illinois law permits an offeror to construe silence as acceptance if circumstances make it reasonable to do so. *First Nat'l Bank of Chicago v. Atl. Tele-Network Co.*, 946 F.2d 516, 519 (7th Cir. 1991). In *Winters v. AT&T Mobility Services, LLC*, No. 17 C 4053, 2017 WL 2936800 (C.D. Ill. July 10, 2017), the court found that an employer could reasonably construe an employee's silence as consent when the employer had clearly communicated the offer to the employee and provided a means to opt out. *Id.* at *4-5. *See also Pohlman v. NCR Corp.*, No. 12 C 6731, 2013 WL 3776965, at *5 (N.D. Ill. July 17, 2013); *Mecherle v. Trugreen, Inc.*, No. 12 C 1617, 2012 WL 4097221, at *3-5 (N.D. Ill. Sept. 14, 2012); *Ragan v. AT&T Corp.*, 355 Ill. App. 3d 1143, 1150, 824 N.E.2d 1183, 1188-89 (2005). In the September 2 e-mail, Morgan Stanley described an arbitration program, stated in plain terms that recipients had a month to opt out, and provided a way to do so. D.E. 7, Defs.' Ex. 2 at 1. Under these circumstances, Morgan Stanley could reasonably construe an employee's silence as acceptance.

3

But Gupta also presents a second argument against finding an agreement was formed. He contends that he never got the September 2 e-mail and offers a sworn declaration in support of his contention. *See* D.E. 17, Pl.'s Ex. 1 ¶ 6 (Gupta Decl.). Gupta concludes that this is sufficient to require denial of Morgan Stanley's motion to compel. The Court disagrees; Gupta's declaration does not warrant denying arbitration outright. But, under the FAA, Gupta may be entitled to a trial on whether the parties formed an agreement requiring arbitration. 9 U.S.C. § 4. The standard for whether a trial is required on the question of the existence of an arbitration agreement is similar to the standard on a motion for summary judgment; "the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

On a motion for summary judgment, a genuine dispute requiring a trial typically exists when a party directly denies receiving a letter or e-mail. *See In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988); *Jones v. Citibank, F.S.B.*, 844 F. Supp. 437, 442 (N.D. Ill. 1994); *Hall v. Kmart Corp.*, No. 04 C 6240, 2005 WL 6349832, at *2 (N.D. Ill. Aug. 25, 2005). In *Vaden v. IndyMac Bank, F.S.B.*, No. 02 C 1150, 2003 WL 22136306 (N.D. Ill. Sept. 16, 2003), the plaintiff sued a financial institution in part for failing to comply with notice requirements imposed by the Truth in Lending Act. *Id.* at *1. The defendant moved for summary judgment, arguing that it sent a letter to his residence that properly provided notice. *Id.* But the plaintiff, in a deposition, denied ever receiving the letter. *Id.* at *4. The Court concluded that the denial created a factual dispute requiring a trial. *Id.* at *5.

Morgan Stanley contends that courts "routinely" conclude that the denial of

4

receipt cannot defeat a motion for summary judgment without further evidence. The only controlling case on which Morgan Stanley relies, however, creates no such general rule. In *Tinder*, the Seventh Circuit held that the district court correctly compelled arbitration, despite the fact that the plaintiff presented an affidavit purportedly contesting receipt of a mailing. *Tinder*, 305 F.3d at 730. In the affidavit, however, the plaintiff stated that she did not recall seeing the relevant arbitration document—not that she never saw it. *Id.* at 735-36. The Seventh Circuit found this was insufficient to create an issue for trial. *Id.* at 736. *Tinder* can be read alongside *Longardner* to impose a straightforward rule: when the plaintiff submits an affidavit stating that he does not recall receiving a letter, there is no triable factual dispute, but when the plaintiff submits an affidavit in which he denies receiving a letter, a triable dispute exists. *See also Pohlman*, 2013 WL 3776965, at *4; *Mecherle*, 2012 WL 4097221, at *4.

The Court concludes that a genuine dispute exists in this case. Gupta's declaration states "I have never seen [the September 2 e-mail] until I saw it attached to the declaration filed with the instant motion." D.E. 17, Pl.'s Ex. 1 ¶ 6. The most natural reading of this declaration is as a denial of receipt of the e-mail, not simply a denial that Gupta read the e-mail, which would not be enough to create a triable dispute. Morgan Stanley has offered two affidavits on this point. The first, submitted with its motion, is from Jessica Krentzman, an employee in Morgan Stanley's human resources department. Krentzman says that the relevant e-mail was received by Gupta via his Morgan Stanley e-mail account, using his assigned individual e-mail address. D.E. 7, Defs.' Ex. 1 ¶ 5 (Krentzman Decl.). A copy of the e-mail is attached to the affidavit; it is addressed to rajesh.gupta2@morganstanleypwm.com. *Id.*, Defs.' Ex. 2 at 1. The

5

second declaration, from Patricia Kenneally, a Morgan Stanley paralegal, was filed shortly after Morgan Stanley's reply brief. D.E. 22 (Kenneally Decl.). It says essentially the same thing as the earlier declaration, with the addition of the following: "Morgan Stanley cannot currently determine whether Mr. Gupta opened the September 2, 2015 email referenced above, it can only determine that it was sent and received on that date." *Id.* ¶ 4. Neither affidavit, however, attaches the documentation from which the affiants determined that the e-mail was received by Gupta or describes how that determination was made, so there is no way to assess the reliability of the affiants' statements. The Court also notes that Kenneally's affidavit states that Gupta's address was rajesh.gupta2@morganstanley.com, *id.* ¶ 3, which differs slightly from what appears on the face of the e-mail copies (the "pwm" is missing), though the Court cannot say that is significant. The Court concludes, for these reasons, that there is a genuine dispute regarding whether Gupta received the relevant e-mail and thus whether an agreement to arbitrate was formed.

      Morgan Stanley argues that a party who has properly mailed an item is entitled to the presumption that it was delivered. *See Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013) (applying the presumption of delivery to properly sent e-mails). And it offers several cases that appear to hold that a plaintiff's sworn, unequivocal denial of receipt—like Gupta's affidavit—does not create an issue of fact. *See, e.g., Johnson v. Harvest Mgmt. Sub TRS Corp.—Holiday Ret.*, No. 3:15-cv-00026-RLY-WGH, 2015 WL 5692567, at *3 (S.D. Ind. Sept. 25, 2015); *Versmesse v. AT&T Mobility LLC*, No. 3:13 CV 171, 2014 WL 856447, at *4 (N.D. Ind. Mar. 4, 2014); *Corbin v. Affiliated Comput. Servs., Inc.*, No. 6:13-cv-180-Orl-36TBS, 2013 WL 3804862, at *6 (M.D. Fla. July 19,

6

2013). The Court respectfully disagrees with those courts that conclude that an affidavit in which the plaintiff denies receiving a mailing cannot create an issue of fact; that would be tantamount to making a rebuttable presumption irrebuttable. The Court also notes that *Johnson* relies on *dicta* in a Seventh Circuit decision from a different context in which this issue wasn't decided in the way urged by Morgan Stanley, *see Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004), and in *Versmesse* there was undisputed evidence that the e-mail was viewed, *see Versmesse*, 2014 WL 856447, at *5. Indeed, although Morgan Stanley quotes *Joshi* as describing such affidavits as "weak" evidence, in that case the court made it clear that it is for the trier of fact to weigh such evidence.[1] *Joshi*, 389 F.3d at 735. The Court concludes, as stated earlier, that there is a genuine dispute about the existence of an agreement to arbitrate.

Because a trial is required on whether the parties agreed to arbitrate, the Court does not resolve Morgan Stanley's arguments regarding the scope of the agreement or the propriety of the JAMS forum.

## Conclusion

For the foregoing reasons, the Court defers ruling on Morgan Stanley's motion to compel arbitration and stay the action pending a trial regarding whether an agreement to arbitrate exists [dkt. no. 7]. The case is set for a status hearing on May 18, 2018 at 8:30 a.m. to set a trial date.

Date: May 9, 2018

                                                _____
                                                MATTHEW F. KENNELLY
                                                United States District Judge

---

[1] In a related context, the Seventh Circuit has tried to cure the "misconception" that a "self-serving" affidavit cannot defeat a motion for summary judgment. *McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 814 (7th Cir. 2017).